IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

In re JEFFERY W. POTTER,

    Debtor.

YVETTE GONZALES, TRUSTEE,

    Plaintiff,

v.                                                No. 12-cv-752 MV/RHS

MARTIN S. FRIEDLANDER, RICHARD
P. COOK, EL LLANO COMPANY, INC.,
SARCO, INC., VALLEY NATIONAL
BANK, PHASE ONE REALTY, INC.,
W. JAMES METHENY, ERNEST ROMERO,
LOS ALAMOS NATIONAL BANK, and
ROBERT ENGEL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d) [Doc. 1], filed on July 11, 2012, and Plaintiff's Motion for Entry of Order Granting Trustee's Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d) [Doc. 8], filed on July 31, 2012. Plaintiff did not receive consent to the relief requested from all Defendants, nor has any Response to Plaintiff's Motion been filed by any of the Defendants. The Court has reviewed the Motion and relevant pleadings, and being otherwise informed, concludes that the motions are not well-taken and should be denied.

## BACKGROUND

The instant dispute arises out of the Chapter 11 bankruptcy case filed by Jeffery W. Potter on May 19, 2005, in the United States Bankruptcy Court for the District of New Mexico. *See* Bankruptcy Case No. 7-05-14071, Doc. 1. The case was converted to a proceeding under

Chapter 7 on November 17, 2006. *See id.*, Doc. 228. On March 14, 2011, the Chapter 7 Trustee, Plaintiff Yvette Gonzales, filed a Complaint to determine the validity, priority, and extent of liens on settlement proceeds, for declaratory judgment, and to object to the claim of Martin Friedlander. *See* Adv. No. 11-1042, Doc. 1. The Adversary Proceeding was assigned to the Honorable James S. Starzynski. *Id.*.

In the underlying bankruptcy case, Plaintiff filed three Motions to Approve Compromise of Controversy: (1) the "Cook Settlement", filed on May 11, 2010 (No. 05-14071, Doc. 867); (2) the "Los Alamos National Bank Settlement", filed on October 25, 2010 (No. 05-14071, Doc. 896); and (3) the "Engel Settlement", filed on October 25, 2010 (No. 05-14071, Doc. 897). All of the Defendants assert claims to the proceeds of the Cook Settlement and the Engel Settlement.[1] *See* Adv. No. 11-1042, Doc. 1. Plaintiff's filing of the Adversary Proceeding primarily seeks to have the Bankruptcy Court determine whether the creditors claiming an interest in these settlement proceeds are entitled to a distribution in accordance with applicable bankruptcy law.

In March and April 2011, Defendants, with the exception of Defendant Martin Friedlander ("Friedlander"), filed answers to the complaint in the Adversary Proceeding. On April 19, 2011, Plaintiff filed a Motion for Default Judgment against Friedlander. *See* Adv. No. 11-1042, Doc. 16. A Clerk's Entry of Default as to Friedlander was entered on April 21, 2011. *See id.*, Doc. 17. Thereafter, Friedlander filed various motions, including a Motion to Set Aside Clerk's Entry of Default, *id.*, Doc. 19, and a Motion to Dismiss Trustee's First Amended Complaint. *Id.*, Doc. 18. The Bankruptcy Court entered the Order Granting the Motion to Set

---

[1] The Los Alamos National Bank Settlement merely authorizes the Trustee to pay a portion of the proceeds of the Cook Settlement to Los Alamos National Bank because Los Alamos National Bank has a valid and perfected security interest in the Potter Bankruptcy Estate's portion of the Cook Settlement. *See* Adv. No. 11-1042, Doc. 1 at 3.

Aside Clerk's Entry of Default, *id.*, Doc. 44, and the Order Denying Motion to Dismiss Trustee's First Amended Complaint. *Id.*, Doc. 46. On July 18, 2011, Friedlander filed an Answer to Amended Complaint, Counterclaim Against Yvette J. Gonzales and Crossclaim Against Yvette J. Gonzales ("Answer"). *Id.*, Doc. 51. Friedlander raised state law causes of action in the form of counterclaims and cross claims against Plaintiff and the other Defendants.

From August 2011 through December 2011, the parties were engaged in significant litigation. Friedlander filed several motions, including a motion to dismiss the adversary proceeding, a motion to intervene, a motion for contempt, and a motion for appointment of a mediator. *See* Adv. No. 11-1042. During the first six months of 2012, there were no filings other than a Notice to Provide Friedlander with Discovery, filed March 15, 2012. *See id.*, Doc. 101. On July 10, 2012, more than sixteen months after the filing of the Adversary Proceeding and almost one year after Friedlander filed his Answer, Plaintiff filed the instant motion to withdraw the reference to Bankruptcy Court.

## DISCUSSION

Title 28 U.S.C. Section 157(d) provides for both permissive and mandatory withdrawal of a matter from the Bankruptcy Court. Plaintiff contends that, because Friedlander's claims require consideration of non-bankruptcy law, withdrawal of the reference is mandatory. The Court disagrees, and as set forth herein, further finds that withdrawal is equally inappropriate under permissive standards.

**I.    The Motion is Untimely.**

As an initial matter, withdrawal of a reference to Bankruptcy Court, whether permissive or mandatory, requires that a party's motion be timely. 28 U.S.C. § 157(d). While the Bankruptcy Code does not articulate a standard as to timeliness, Courts have defined "timely" to

mean as soon as possible after the moving party has notice of the grounds for withdrawing the reference. *Vieira v. AGM, II, LLC*, 366 B.R. 532, 536 n.5 (D.S.C. 2007) (citing *In re Manhattan Inv. Fund Ltd.*, 343 B.R. 63, 68 (S.D.N.Y. 2006)). Courts have further required that a motion to withdraw be made promptly according to developments in the bankruptcy proceeding. *Am. Cmty. Servs., Inc. v. Wright Mktg. Inc.*, 86 B.R. 681, 686 n.7 (D. Utah 1988); *In re Horstmann*, No. 7-85-0186, 1997 WL 266759, *23 (Bankr. D.N.M. May 16, 1997).

Here, the Adversary Proceeding was filed on March 14, 2011. The issues that form the basis for Plaintiff's Motion were first raised on July 18, 2011, in Friedlander's Answer. Accordingly, Plaintiff was on notice of any non-bankruptcy claims as early as July 18, 2011. Nonetheless, Plaintiff continued to litigate the Adversary Proceeding for the next six months, and waited until July 10, 2012 – a full year after Friedlander first injected any alleged non-bankruptcy claims into the proceedings – to file the instant motion to withdraw. Indeed, in her motion, Plaintiff readily admits that "[a]dministration of the above-captioned bankruptcy case is almost complete. However, certain issues remain unresolved which prevent distribution of assets of the Estate." Doc. 1 at 2. Plaintiff has provided no explanation for the 12-month delay in filing her motion. Without any such explanation, the Court must conclude that the motion is untimely, and thus should be dismissed on this basis alone.

**II.     There Is No Basis for Mandatory Withdrawal.**

Withdrawal of a proceeding from the Bankruptcy Court is mandatory if "the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. §157(d). "The purpose of § 157(d) is to take from the bankruptcy courts those matters requiring the application of non-bankruptcy federal statutes affecting interstate commerce and

give them to the district courts which have more experience in applying those laws." *Franklin Sav. Assoc. v. Office of Thrift Supervision*, 150 B.R. 976, 980 (D. Kan. 1993). Courts "have reserved mandatory withdrawal to those cases where substantial material consideration of non-[Bankruptcy] Code federal statutes is necessary for the resolution of the proceeding." *Id*. at 979-80. Importantly, "withdrawal is mandatory only when a determination of issues requires significant interpretation of *federal* non-bankruptcy law." *In re Cook*, No. 09-803, 2010 WL 1734737, *2 (D.N.M. Apr. 19, 2010) (emphasis in original). Accordingly, withdrawal is not mandatory where a proceeding states only non-federal causes of action. *Id.*

Here, Plaintiff argues that Friedlander has raised claims relating to non-bankruptcy law, *i.e.*, "intentional interference with contract and prospective economic advantage and breach of contract," as well as "tortious breach of the implied covenant of good faith and fair dealing, prima facie tort, unfair trade practices, fraud and conspiracy to defraud, legal malpractice, and abuse of process." Doc. 1 at 2-3. These claims, however, arise under state law, rather than federal law, and thus do not require interpretation – significant or otherwise – of federal, non-bankruptcy law. Thus, withdrawal is not mandatory for this proceeding because it states only non-federal causes of action.

### III.   There Is No Basis for Permissive Withdrawal.

Permissive withdrawal of a reference to bankruptcy court is appropriate only on a showing of "cause." 28 U.S.C. § 157(d); *see also Cook*, 2010 WL 1734737, at *3 ("Cause must be shown before the reference can be withdrawn."). The Court has "broad discretion over whether to permit withdrawal of the reference to the bankruptcy court." *Cook*, 2010 WL 1734737, at *3. Section 1579(d) does not define "cause." Courts, however, have considered the following factors in determining whether to withdraw the reference for cause: (1) whether the

proceeding is core or noncore; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of the debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process; and (7) the presence of a jury demand. *Samson Res. Co. v. Valero Mktg. & Supply Co.,* 449 B.R. 120, 132 (D.N.M. 2011).

Here, Plaintiff argues that the Court should withdraw the bankruptcy reference because of a potential conflict of interest. Specifically, Plaintiff argues that, once the Bankruptcy Judge assigned to this case, Judge Starzynski, retires, the case will be heard by one of two Judges who previously served as legal counsel for Plaintiff in connection with this matter, namely, Judge Robert Jacobvitz and Judge David Thuma. *See* Doc. 1 at 2-3. Plaintiff's fear of a potential conflict of interest, however, has been fully alleviated by the transfer of the case, upon Judge Starzynski's retirement in August 2012, to Judge Tom. R. Cornish. *See* Adv. No. 11-1042, Doc. 110. Accordingly, there is no cause for withdrawal of the reference based on a potential conflict of interest.

None of the other factors relevant to this Court's determination of whether to withdraw the reference for cause weigh in favor of withdrawal. First, the proceeding at issue is a "core proceeding." Specifically, as Plaintiff concedes, the adversary proceeding was filed "to determine the validity, priority, or extent of liens on settlement proceeds, for declaratory judgment and to object to the claim of Martin Friedlander." Doc. 1 at 2. "As a core proceeding, this is precisely the kind of issue that falls within the expertise of the bankruptcy court, and there is a strong preference for resolving core proceedings in the bankruptcy court." *In re Wahl*, No. 12-395, 2012 WL 5199630, *3 (N.D. Okla. Oct. 22, 2012).

Similarly, the goal of promoting uniformity in bankruptcy administration is best served by the Bankruptcy Court's determination of the distribution of the settlement proceeds and

adjudication of claims objections.  Notably, the issues raised in Plaintiff's motion to withdraw had been pending before the Bankruptcy Court long before Plaintiff's motion.  Given the untimeliness of Plaintiff's motion, leaving those matters to the expertise of the Bankruptcy Court will reduce forum-shopping and confusion, promote judicial economy, and expedite the bankruptcy process.  Additionally, the Court finds that the most economic use of debtors' and creditors' resources is resolution of all matters in the Bankruptcy Court.  Finally, no party appears to have made a jury demand.  Accordingly, there is no basis for permissive withdrawal of the reference to the Bankruptcy Court.

## CONCLUSION

There is no basis for either permissive or mandatory withdrawal of the reference in this matter.  Further, Plaintiff's motion to withdraw the reference was untimely.  For these reasons, Plaintiff's motion to withdraw the reference and Plaintiff's motion for entry of an order granting the motion to withdraw are without merit.

**IT IS THEREFORE ORDERED** that the Trustee's Motion to Withdraw the Reference Pursuant to 28 U.S.C. §157(d) [Doc. 1] and the Motion for Entry of Order Granting Trustee's Motion to Withdraw the Reference Pursuant to 28 U.S.C. § 157(d) [Doc. 8] are **DENIED**.

Dated: November 13, 2012.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE